```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

JAMES D. HARPER JR., ET AL.     §
                                §
VS.                             §    CIVIL ACTION NO. 4:09-CV-318-Y
                                §
AMERICAN AIRLINES, INC., ET AL. §

### ORDER REGARDING TIMELINESS OF
### MOTION TO CERTIFY AND GRANTING MOTION TO STRIKE

Pending before the Court is plaintiff James Harper's Motion to Declare Motion for Class Certification Timely or in the Alternative For Extension of Time (doc. #53). Also before the Court is the Response in Opposition and Cross Motion to Strike (doc. #57) filed by defendant American Airlines, Inc. ("AA"). At issue in both motions is the timeliness of Harper's motion to certify a class in this putative class action.

Local Rule of Civil Procedure 23.2 provides "[w]ithin 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification." This case was originally filed on December 29, 2008, in the United States District Court for the Northern District of Alabama, and transferred to this district on May 29, 2009. Harper argues that Rule 23.2 cannot apply to his case because it runs from the date of filing and, under the circumstances of this case, his time to file a motion for class certification would have expired before the case was subjected to this Court's jurisdiction and rules by its transfer here.

AA does not appear to be advocating such an application of Rule 23.2. Rather, it argues that the 90 days began to run when this case was transferred to this Court, making Harper's motion due by August 27, 2009. As support for this application of the rule, AA points to

*Joseph N. Main P.C. v. Electronic Data Sys. Corp.*, in which a judge of this Court concluded that the 90-day period prescribed by Rule 23.2's predecessor ran from the date a case was removed, or the date "the parties were for the first time subject to this Court's jurisdiction, procedures and local rules." *Joseph N. Main P.C. v. Electronic Data Sys. Corp.*, 168 F.R.D. 573, 575-77 (N.D. Tex. 1996). Because Harper did not file his class-certification motion until October 28, 2009, AA insists that the motion must be denied as untimely.

Federal Rule of Civil Procedure 23(c)(1)(A) commands that a district court must determine whether to certify the action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." Many courts have adopted local rules, such as Rule 23.2, to effectuate this command. *See*, *e.g.*, *Kitts v. Citgo Petroleum Group*, NO. 02:07-CV-1151, 2008 U.S. Dist. LEXIS 106573, at *7-*8 (W.D. La. Dec. 16, 2008); *see also* 7AA Charles Alan Wright, et. al., Federal Practice and Procedure § 1785.3 (3d ed 2009). Despite the fact that the text of Rule 23.2 states that the 90-day period runs from "filing," given Federal Rule 23(c)'s command for prompt consideration, it is entirely reasonable to require that a motion for certification be filed within 90 days of a case's being transferred into this Court. Just as with a removed action, a transferred action is "filed" elsewhere, but once on this Court's docket the case becomes subject to this Court's local rules and Rule 23.2 serves to define the "practicable time" referenced in Federal Rule 23(c). In fact, the 90-day deadline, so applied, is easier for a plaintiff such as Harper to comply with because a plaintiff in a transferred case has the benefit of the time during which his case is

pending elsewhere to prepare the certification motion, in addition to the 90 days allowed by Rule 23.2.

This conclusion is all the more reasonable given the circumstances of this case. In seeking an extension, and responding to AA's motion to strike, Harper argues that he has diligently pursued class certification. According to Harper, he raised the issue of the deadline for a class-certification motion on three occasions but the Court has so far refused to establish a deadline. In the court-ordered joint status report (doc. #40), Harper states that a conference between the parties might be necessary to resolve disputes regarding discovery and the scheduling of the motion for class certification and proposes that such motion be due no later than 150 days from the date of the report. Harper points out that, despite this proposal, the initial scheduling order issued based on the joint status report did not address the deadline for class certification.

But the initial scheduling order serves to set deadlines for events that are not otherwise addressed by the rules of procedure or the local rules. And in any event, AA did not agree to the 150-day deadline, instead insisting that Rule 23.2 and its 90-day deadline applied as discussed above; that is, the class-certification motion was due 90 days from the date this case was transferred to this Court. Nor did the Court adopt the deadline proposed by Harper. Thus, it was inoperative. *Cf. Cone v. Dekra Emission Check, Inc.*, 2004 U.S. Dist. LEXIS 19704, at *3-*4 (N.D. Tex. 2004) (concluding deadline proposed in joint status report that is not adopted in the scheduling order is inoperative).

Harper also addressed the deadline for a class-certification motion in a motion for extension of the scheduling-order deadlines

(doc. #45). This motion was filed on September 14, almost nine months after Harper originally filed this case and well beyond 90 days after the case was transferred to this Court. Even granting that there is some ambiguity as to whether the 90-day deadline set out in Rule 23.2 applies to transferred cases, Harper failed to take timely, appropriate steps to resolve the issue.

In fact, Harper did not raise, in his September 14 motion for extension, his argument that because the Rule 23.2 90-day deadline runs from the date of filing it cannot apply to this transferred case. Instead, Harper simply requested that the Court "clarify" the scheduling order by setting a deadline, referring to his proposed 150-day deadline from the joint status report and arguing that additional time for discovery on certification issues is necessary. The Court, on September 23, granted the motion for extension of deadlines to the extent that motion sought extension of deadlines set in the initial scheduling order. As for the deadline for a class-certification motion, the Court stated: "The local rules, with which counsel is expected to be familiar, address the timing and content of a class-certification motion. *See* N.D. TEX. LOC. R. CIV. P. 23.2."

Next, Harper points to the motion now under consideration as an attempt by him to address the deadline issue. This motion was not filed until October 28. By that point, the Court had declined to set a deadline in the scheduling order because of the deadline in Rule 23.2 and in light of AA's argument that the rule applied to this case and that the 90-day period ran from the date of transfer. Moreover, the Court had specifically referred Harper to Rule 23.2 in response to his second request to set a deadline. Yet Harper waited until October 28--over a month after the Court's order on the motion to extend

scheduling-order deadlines and two months after the 90-day deadline--to address the issue and, for the first time, raise the argument that the 90-day deadline only applies to cases originally filed in this Court.

Harper's delay is particularly troubling given this is the third in a series of putative class actions by Harper's counsel, Paul Hudson, based on AA's cancellation, diversion, and delay of over 1,100 of its flights on December 29, 2006, as a result of severe weather. The first such case was filed in the United States District Court for the Western District of Arkansas, styled *Ray v. American Airlines, Inc.*, No. 5:08-CV-05025. A class-certification motion was filed in *Ray* on November 11, 2008, almost a year before the motion to certify in this case.

The next putative class action was filed in the United States District Court for the Northern District of California, No. C08-00732-CW. The motion to certify in that case was filed four months before the motion in this case, on June 25, 2009. Because this case is Hudson's third attempt at maintaining a class action based on the events of December 29, 2006, Hudson has had two previous opportunities to discover facts and litigate issues related to certification. His vague arguments that additional time for discovery related to certification caused his delay thus ring a bit hollow. Indeed, Harper filed this case on December 29, 2008, and then waited ten months to file his motion for class certification. But no motion has been filed asserting a discovery dispute or the need for time for discovery as a basis for justifying delay in filing a motion for certification. Harper merely mentions, in the joint status report, the potential for discovery disputes as a basis for his request for a 150-day deadline,

but no specific discovery dispute or factual issue on which discovery is needed is identified.

Harper also argues that he discussed the need for discovery with counsel for AA and that counsel for AA agreed to extend deadlines in this case, including the deadline for a motion for class certification, in exchange for Harper's rescheduling certain depositions. Thus, Harper insists, AA is estopped from asserting that the deadline to move to certify a class has expired. But the letters and emails submitted by Harper in support of this argument refer only to Hudson's refusal to agree to reschedule certain depositions unless AA agreed "to extend discovery deadlines." (Doc. 53-2 at 27-28) No mention is made of the deadline to file a class-certification motion. A later letter from counsel for AA memorializes the agreement ultimately reached. (*Id.* at 34-35.) There is no mention of an extension of the deadline in which to file a class-certification motion and there is no discussion of a general extension of the deadline for discovery or discovery related to the issue of certification. Consequently, there is no basis to apply estoppel in this case. In any event, the deadline is one imposed by the Federal Rules and this Court's local rules and the parties may not alter it by an undisclosed agreement.

The sort of inattentiveness displayed by Harper with regard to the class-certification motion and the related deadline has been held to justify denying a motion for class certification. *See Price v. United Guar. Residential Ins. Co.*, No. Civ.A.3:03-CV-2643-G, 2005 WL 265164, at *3 (N.D. Tex. Feb. 2, 2005) (collecting cases). Many courts deny late-filed certification motions not simply based on technical non-compliance with a deadline, but on the fact that such

non-compliance demonstrates that the putative representative cannot adequately represent the class. *See*, *e.g.*, *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695-97 (N.D. Fla. 2006); *see also* Wright, *supra* at § 1785.3 & n.4 (collecting cases); *cf. East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977) (concluding that failure to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive"). Some courts have denied untimely class-certification motions even when the defendant was not prejudiced by the delay. *See Jones*, 243 F.R.D. at 696 (citing *Walker v. Columbia University*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973)).

"In general, however, the untimeliness of a class-certification motion, in and of itself, will not justify denying class status to the action. Rather, the delay will be evaluated in light of the circumstances of the case and certification will be denied only when the late timing of the determination may cause prejudice or unduly complicate the case." Wright, *supra*, at § 1785.3 & nn.5, 6 (collecting cases). Given the circumstances of this case, the Court concludes that Harper's delay cannot be excused. Perhaps there is some ambiguity as to whether Rule 23.2 applies to transferred cases and, due to this ambiguity, the better course may be for the Court to order a deadline to seek certification in future transferred cases. But the only reasonable course for Harper to take in light of this ambiguity was to obtain a ruling from the Court regarding the applicable deadline. He neither plainly nor timely requested one.

As discussed, even if Rule 23.2 does not apply to a transferred case by its terms, its 90-day deadline certainly serves as a guide.

If this Court has deemed 90 days sufficient for a case originally filed in this Court, 90 days is certainly reasonable for a case transferred into this Court, particularly a case such as this one that was pending for five months before transfer. Harper raised the issue of the deadline twice before the filing of the instant motion and both times--once by AA and once by this Court--he was referred to local rule 23.2 as providing the relevant deadline. Only one of these instances--the filing of the joint status report--was before the 90-day period after transfer had expired.

In the joint status report, Harper made only vague references to a generalized need for discovery, so when Harper's 150-day request was opposed by AA on the ground that Rule 23.2 provided the deadline, the Court saw no good reason to grant Harper's request. And Harper's attempt to excuse his delay by claiming a need for discovery is particularly unpersuasive given that not only had this case been pending for nine months by the time Harper filed his motion to certify, but also that this is his third attempt at litigating the certification of a class based on the events of December 29, 2006.

Finally, AA will be prejudiced by this late attempt at class certification. AA has now proceeded for almost a year with the belief that the class that Harper purports to represent will range from 600 to 2,400 passengers confined on aircraft during the delays of December 29. By his motion to certify, and a motion to amend which is also currently pending before the Court, Harper seeks to expand the class to as many as 33,000 and to include passengers who were delayed in any place, not just those confined on aircraft.

8

Accordingly, the Court DENIES Harper's motion to declare his motion to certify timely or for an extension and GRANTS AA's cross motion to strike Harper's motion for class certification. Harper's Motion to Strike (doc. #63) and his Request for Permission to Supplement (doc. #64) are DENIED.

SIGNED December 16, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE